# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                        MAGISTRATE JUDGE'S DOCKET
                                NO. 2004-M-0486RBC-01

SHAWN WINBUSH.

## ORDER ON MOTION TO DISMISS (#9)

COLLINGS, U.S.M.J.

    Shawn Winbush ("the defendant") has moved to dismiss the Complaint for failure of the Government to comply with 18 U.S.C. § 3161(b) which requires an indictment or information to be filed within thirty days of the defendant's arrest. The defendant was arrested on October 7, 2004. Today being December 2, 2004, obviously, more than thirty days have elapsed since October 7th.

    However, 18 U.S.C. § 3161(h)(1)(F) provides for period of "excludable delay" - i.e., "...periods of delay [which] shall be excluded in computing the time within which an indictment or information must be filed." One of those

periods of excludable delay is found in 18 U.S.C. § 3161(h)(1)F) - "delay resulting from any pretrial motion from the filing of the motion to the conclusion of the hearing...". Another period is found in 18 U.S.C. § 3161(h)(1)(J) - "delay reasonably attributable to any period not to exceed thirty days during which any proceeding concerning the defendant is actually under advisement by the court."

On October 7th, the Government moved for detention of the defendant. This motion was a "pretrial motion" as that term is used in 18 U.S.C. § 3161(h)(1)(F). *United States v. Bellucci,* 737 F. Supp. 706, 708-9 (D. Mass., 1990). *See also United States v. Lattany,* 982 F.2d 866, 873, n. 6 (6 Cir.,1993). Therefore, the time from October 7th through the date of the detention hearing, i.e., October 15th, is excludable pursuant to that subsection. In addition, the period from October 16th to November 14th is excludable pursuant to 18 U.S.C. § 3161(h)(1)(J) as a thirty-day period during which the Court had the matter under advisement. *Bellucci,* 737 F. Supp. at 709.

Accordingly, the thirty-day period specified in 18 U.S.C. § 3161(b) within which the indictment or information must be filed did not begin to run until November 14, 2004 and, as of this date, will not expire until December 14,

2004. It follows that the Motion to Dismiss (#9) lacks merit.

Consequently, it is ORDERED that the Motion to Dismiss (#9) be, and the same hereby is, DENIED.

/s/ Robert B. Collings

ROBERT B. COLLINGS
United States Magistrate Judge

December 2, 2004.