UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
    v. )    Case No. 04-10364-NMG
SHAWN WINBUSH )
    Defendant )

## GOVERNMENT'S RESPONSE TO MOTION FOR REVOCATION OF DETENTION ORDER

The government hereby respectfully opposes defendant Winbush's motion for revocation of Magistrate Judge Collings' detention order dated November 24, 2004 ("Order"). Magistrate Judge Collings properly found, after a hearing, that Mr. Winbush had not rebutted the presumption of detention in this matter.

## I. FACTS

At the detention hearing before Judge Collings, the government presented the testimony of Immigration and Customs Enforcement Special Agent Eric LaForte, as well as the affidavit of Special Agent LaForte ("Aff") which was incorporated into the Complaint. That testimony showed that defendant Winbush arrived into the United States smuggling more than 400 grams of cocaine in his alimentary canal, and that he had conspired with his codefendant to import more than a kilogram of cocaine on that trip, and more than 2 kilograms during the prior year.

## II. STANDARD OF REVIEW

In United States v. Tortora, 922 F.2d 880, 882 (1st Cir. 1990), the First Circuit held that a District Judge must conduct a "de novo review" of a contested detention order issued by a magistrate judge. 922 F.2d at 883 n. 4. Requiring the district court to conduct a de novo review does not mean that it must conduct a de novo hearing. Nor does it mean that the district court must disregard the magistrate's fact finding and the inferences to be drawn therefrom. The thrust of Tortora is thus that the district court should not act as if it were an appeals court reviewing the

acts of a district court and thereby constrained by the evidence presented and fact finding conducted below. <u>Tortora</u> mandates that the district court must instead make an independent determination of the detention decision, unconstrained by the limits of the magistrate's conclusions or the record established in the original detention hearing.

In <u>United States v. Koenia</u>, 912 F.2d 1190 (9th Cir. 1990), one of the cases on which <u>Tortora</u> relies, the court aptly summarized the district court's power and obligation in reviewing a magistrate's detention order:

> [t1he district court . . . need not] start over in every case, and proceed as if the magistrate's decision and findings did not exist. The district court erred, however, in ruling that it could review the magistrate's findings under a "clearly erroneous" standard of deference. It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate. The point is that the district court is to make its own "de novo" determinations of facts, whether different from or an adoption of the findings of the magistrate.

912 F.2d at 1193.[1]

### III.  ANALYTICAL FRAMEWORK

The burden of establishing that no condition or combination of conditions will reasonably

---

[1] Other cases cited by <u>Tortora</u> are to the same effect. <u>See, e.g.</u>, <u>United States v. Hurtado,</u> 779 F.2d 1467,1480 (11th Cir. 1985) (district court must conduct an independent review); <u>United States v. Maull</u>, 773 F.2d 1479, 1481-2 (8th Cir. 1985) (district court to conduct de novo review of detention issue, and could hold hearing; court also empowered to accept stipulated facts in such a de novo proceeding); <u>United States v. Delker</u>, 757 F.2d 1390, 1393-94 & n. 3 (3d Cir. 1985) (district court required to make independent review of magistrate's detention order, although "[i]n most cases the district court will find it useful to consider carefully the decision and reasoning of the magistrate" and "may in an informed exercise of discretion, determine whether additional evidence is desirable" beyond what was presented to the magistrate).

assure a defendant's appearance for trial rests on the government. However, when the defendant is charged with a controlled substance offense punishable by a maximum term of 10 years or more, the government is aided by § 3142(e)'s rebuttable flight presumption. United States v. Palmer-Contreras, 835 F.2d 15, 17 (1st Cir. 1987). While the burden of persuasion always lies with the government, "even after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but rather retains evidentiary weight . . . ." Id.

The reason for this presumption in drug cases is addressed by the First Circuit in the Palmer-Contreras case:

> [T]his presumption reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries. Forfeiture of even a large bond may be just a cost of doing business, and hence drug traffickers pose special flight risks.

Id. at 17.

Pursuant to 18 U.S.C. § 3142(g), in order to determine whether a defendant has overcome the presumption of dangerousness to the community and of flight risk, the Court must look to four factors:

> (g) Factors to be considered. – The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning –
>
> > (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> >
> > (2) the weight of the evidence against the person;
> >
> > (3) the history and characteristics of the person, including –
> >
> > > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

3

>criminal history, and record concerning appearance at court proceedings; and
>
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

### IV. ANALYSIS

In this case, as Judge Collings found, the defendant has not rebutted the presumption of danger and risk of flight. With regard to the first two factors from § 3142, Winbush has been charged with importing large quantities of cocaine, and the Magistrate Judge found that the evidence against him was "overwhelming" and therefore "he will be convicted." Order on Detention, page 2, Part II. With regard to Winbush's character, Winbush has numerous prior drug convictions, firearms convictions, and defaults. Prior to his current detention, he was an active drug user. Id.

In response to the government's evidence and the Magistrate Judge's findings, the defendant submits no evidence and no proposed plan for release. The defendant asserts generally that a third party custodian would be possible, but the only two named candidates were rejected as unsuitable by the Magistrate Judge. Defendant does not provide evidence, or even argument, that that decision was inappropriate, or that there are specific other persons willing to serve as custodian.

Quite simply, Winbush presents no evidence and no argument to counter the presumption of flight and dangerousness. Given the strength of the government's case, and the mandatory ten year sentence facing Winbush, Winbush has a tremendous incentive to flee. Palmer-Contreras,

4

835 F.2d at 18; United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991) (risk of flight not rebutted in light of mandatory minimum sentence); United States v. Pierce, 107 F. Supp. 2d 126, 128 (D. Mass. 2000) ("extremely strong incentive to flee based upon the length of the prison term he faces under the charges pending against him and the likelihood of his conviction.") Information about Winbush's character and other characteristics does not overcome that presumption. As the Magistrate Judge's findings make clear, Winbush is no stranger to the criminal justice system, and he has a history of flouting court orders as well as criminal laws. Against this background, it is unlikely that any third party custodian could ensure both the appearance of the defendant and the safety of the community. See United States v. Moreno, 30 F.3d 127 (1st Cir. 1994) (unpublished) ("proposed custodians . . . are easily manipulated and their effectiveness hinges on the defendant's good faith"). Cf. United States v. Marquez, 113 F. Supp.. 2d 125, 128 (D. Mass. 2000) (reviewing history of specific proposed custodian in order to determine suitability). The Magistrate Judge specifically rejected the two custodians proposed by Winbush, one because she lived in ineligible housing in the possession of firearms, and the other for having outstanding warrants. Winbush does not contest these factual findings or propose alternative custodians. Therefore, his general assertion that a custodian is feasible does not defeat the statutory presumption.

     In summary, the Bail Reform Act presumes detention for individuals charged with serious drug crimes, until and unless the individual provides some evidence to defeat the presumption that drug dealers are a serious risk of flight and a danger to the community. The presumption applies to this case, because the defendant is subject to a minimum sentence of ten years, and a maximum sentence of life. The evidence against Winbush is strong, and he has

presented nothing to counter the presumption or the evidence. Accordingly, the Magistrate Judge properly found that detention is appropriate in this case, and his order should not be revoked.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:   /s/ Nancy Rue
          Nancy Rue
          Assistant U.S. Attorney