UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **United States of America** | ) | 04-10364-NMG |
| v. | ) | |
| **Shawn Winbush** | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States respectfully submits that a sentence of 235 months is appropriate in this case.

In support of its recommendation, the government notes that Winbush has an extensive criminal history. He has been a continuous presence in the state court system for violent crimes and drug crimes, and his prior sentences of incarceration and supervised release have apparently served no deterrent effect. Defendant has had numerous opportunities for probation or reduced sentence after a violation of the law – and has repeatedly violated the terms of his release. See PSR ¶¶ 32, 33, 39, 40 & 41.

Defendant is a career offender. In 28 U.S.C. § 994(h), Congress noted that career offenders should be sentenced "at or near the maximum term authorized." The maximum term authorized in this case is 40 years.[1] The sentence proposed by the government is less than half of the maximum term authorized. The government submits that this is therefore the least sentence that is appropriate for this defendant for this crime. 18 U.S.C. § 3553(a) ("The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set

---

[1] In the instant case, the term authorized by law could have been life, pursuant to 21 U.S.C. § 841(a)(1), had the government filed the notice required by 21 U.S.C. § 851. See PSR ¶¶ 32, 37 and 38.

forth in paragraph (2) of this subsection.")

Defendant suggests in his sentencing memorandum that he is a victim of himself, of crime, and of society, and that his crime in this case was tantamount to a suicide attempt. The defendant asserts that he participated in the offense as a result of his own addiction and that he should be sentenced as an addict rather than as a career drug dealer.

The government respectfully submits that the record does not support the defendant's characterization of his crime, his criminal history, or the history and effect of prior attempts to provide assistance to the defendant. Defendant asserts that he was the victim of a violent crime in 1998. The circumstances of this crime in which he knew his assailants ( see Marks letter dated 12/16/99 submitted with Defendant's memorandum) are not explained. However, defendant's criminal record precedes and follows this incident. He was a drug dealer prior to the incident (¶ 32, ¶ 37, ¶ 38), and he was a drug dealer after the incident (¶ 40, and instant offense). Defendant asserts that he needs psychological treatment for his mental health issues and his drug abuse. However, again, defendant's own submission shows that he has been offered mental health treatment since at least 4/1/1999 (see letter of Chris Young), but this treatment did not prevent the defendant from traveling to Jamaica in order to obtain cocaine for distribution.

A review of this defendant's lengthy criminal record, including the repeated defaults and revocations of release, show that this defendant is a career offender in the fullest sense of the term. Moreover, defendant's record of offenses, defaults, and violations of release terms demonstrates that this career offender has not been deterred by his prior sentences, that the prior sentences have not instilled respect for the law, and that the prior sentences have not protected the public from further crimes by this defendant. Accordingly, the government submits that a sentence of 235 months, the maximum provided by the Sentencing Guidelines as determined by

the United States Probation Department, is needed in order to fulfill the purposes of the criminal statutes.

Consistent with the directives of Congress, as set forth by 28 U.S.C. § 994(h) and 18 U.S.C. § 3553(a)(1) and (a)(2), the government submits that a sentence of 235 months is the least sentence that will comply with the purposes of sentencing as established by the legislature.

Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Nancy Rue
Nancy Rue
Assistant U.S. Attorney