# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETS

Shawn Winbush,              :

    Petitioner,          :          Docket No.

                :          1:04-cr-10364-NMG-1

    V.                   :

United States of America,  :

    Respondent.          :          § 2255

                :

---

## MOTION PURSUANT TO 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE

---

Shawn Winbush
Reg. No. 25382-038
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, New Jersey
       08640

# T A B L E   O F   C O N T E N T S

TABLE OF AUTHORITIES . . . . . . . . . . . . . .iii

28 USC § 2255 (Forms) . . . . . . . . . . . . . vi

STATEMENT OF JURISDICTION . . . . . . . . . . . .xii

STATEMENT OF QUESTIONS PRESENTED . . . . . . . . xiii

STATEMENT OF THE CASE

    I. PROCEDURAL HISTORY . . . . . . . . . . . . . 1

    II. RELEVANT FACTS . . . . . . . . . . . . . 2

ARGUMENT IN SUPPORT

    ISSUE I: Petitioner has been denied effective
assistance of counsel as guaranteed by the Sixth
Amendment of the U.S. Constitution by counsel's
failure to challenge Petitioner's prior convictions
used to designate him a career offender . . . . . . . .

    ISSUE II: Petitioner has been denied effective
assistance of counsel as guaranteed by the Sixth
Amendment of the U.S. Constitution by counsel's
failure to discharge his obligation to review
entire transcript for plain error before filing
Anders Brief. . . . . . . . . . . . . .

    ISSUE III: Petitioner has been denied effective
assistance of counsel as guaranteed by the Sixth
Amendment by counsel's failure to notice and
challenge the District Court's impermissible
delegation of authority for drug testing during
term of supervised release. . . . . . . . . .

# T A B L E   O F   C O N T E N T S

CONCLUSION   .   .   .   .   .   .   .   .   .   .   .   .   .   16

CERTIFICATE OF SERVICE

EXHIBITS

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND

     AFFIDAVIT IN SUPPORT

# T A B L E   O F   A U T H O R I T I E S

Cites                                                    Page

Anders v. California, 386 U.S. 738, 87 S. Ct.
                      1396, 18 L. Ed. 2d 493(1967) . . .    8,10,12

Andrews v. United States, 375 U.S. 334, 339, 83
                          S. Ct. 1236, 1239, 10 L. Ed.
                          2d 383 (1963) . . . . . . . . . . .    4

Baker v. Kaiser, 929 F. 2d 1495, 1499
                 1500 (10th Cir. 1991) . . . . . . . . . . . 11

Banks v. Reynolds, 54 F. 3d 1508, 1515-16 (10th Cir.1995) . .   11

Esslinger v. Davis, 44 F. 3d 1515, 1529-30
                    (11 Cir. 1995) . . . . . . . . . . . . . .   6

Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792,
                      9 L. Ed 2d 799 (1963) . . . . . . . . .   4,5

Henry v. Poole, 409 F. 3d 48, 65-67 (2nd Cir. 2005) . . . . .    6

Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct.
                 3308, 3313, 77 L. Ed. 2d 987(1983) . . . . .   11

Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct. 2574
                       91 L. Ed. 2d 305 (1986) . . . . . . . .   4

Machibroda v. United States, (1962) 368 U.S. 487, 7
                             L. Ed 2d 473, 82 S. Ct. 510 . . .  16

Martin v. Cain, 246 F. 3d 471, 477
                (5th Cir. 2001) . . . . . . . . . . . . . . .    5

Miller v. United States, (1997 CA1 Mass.)
                         564 F. 2d 103 . . . . . . . . . . . .  17

Moorehead v. United States, (1972 CA3 VI)456 F. 2d . . . . . .
                                                               16

# T A B L E   O F   A U T H O R I T I E S

Cites                                                                    Page

**Osborn v. Shillinger**, 861 F. 2d 612, 626-31
                    ( 10th Cir. 1988) . . . . . . . . . .     11

**Owens v. United States**, (1977 CA5 GA.)
                    551 F. 2d 1053 . . . . . . . . . .     17

**Page v. United States**, 884 F. 2d 300, 302
                    (7th Cir. 1989) . . . . . . . . . . 10,12

**Smith v. Murray**, 477 US 527, 536, 106 S. Ct.
                    2661, 2667,91 L. Ed. 2d 434 (1986) . . . . .     11

**Stanford v. Parker**, 266 F. 3d 442, 454
                    (6th Cir. 2001). . . . . . . . . . . . . . . 5

**Strickland v. Washington**, 466 US 688, 104 S. Ct.
                    2052, 80 L. Ed 2d
                    674 (1984) . . . . . . . . . .     Passim

**Tapia v. Tansy**, 926 F. 2d 1554, 1564 (10th Cir. 1991) . . .     12

**United States v. Anderson**, 567 F. 2d 839, 840
                    (8th Cir. 1977) . . . . . . . .     8,9

**United States v,. Bonanno**, 146 F. 3d 502,
                    511 (7th Cir. 1998) . . . . . . . .     14

**United States v. Brown**, 443 F.2d 659, 660 (DC Cir. 1970) . . .     9

**United States v. Cook**, 45 F. 3d 395 (Cir.) . . . . . . . .**10,12**

**United States v. CCronic**, 466 US 648, 658-59
                    104 S. Ct. 2039
                    2046-47, 80 L. Ed.
                    2d 675 (1984) . . . . . . . . . . . .     4

**Uuited States v. Dixon**, 1 F. 3d 1083 . . . . . . . . . . . .     11

**U.S. v. Fudge**, 325 F. 3d 910, 924 (7th Cir. 2003) . . . . .     6

# T A B L E   O F   A U T H O R I T I E S

Cites                                                    Page

**U.S. V. Gaviria**, 116 F. 3d 1498

       (D.C. Cir. 1997). . . . . . . . . . . . . . .    7


**U.S. Gomes**, 177 F. 3d 76, 83

       (1st Cir. 1998) . . . . . . . . . . . . . . .    6


**U.S. Grammas**, 376 F. 3d 433, 437-38

       (5th Cir. 2004) . . . . . . . . . . . . . .    6


**U.S. Granados** , 168 F. 3d 343,346

       (8th Cir. 1999) . . . . . . . . . . . . . .    6


**United States v. Gravatt**, 868 F. 2d 585,

          588 (3rd Cir. 1989) . . . . . . .    8,9


**United States v Guy**, 174 F. 3d 859,

          862 (7th Cir. 1999) . . . . . . . . . . . .   15


**United States v. Keene Corp** 508 US 200, 208, 113

              S. Ct. 2035, 124 L. Ed.

              2d 118 (1993) . . . . . . . . .   15


**United States v. Henderson**, 525 F. 2d 247

          250-52 (5th Cir. 1995) . . . . .    9


**U.S. V. Herrera**, 412 F. 3d 577, 581-82

       (5th Cir. 2005) . . . . . . . . . . . . . .    6


**United States v. Moore**, 617 F. 2d 139, 141

       (5th Cir. 1982) . . . . . . . . . . . .    9

**United States V. Smith**, 45 F. Supp. 2d 917 . . . . . . . .   15,16

AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name of Movant<br>Shawn Winbush | Prisoner No.<br>25382-038 | Docket No.<br>1:05cr10364-001-NMG |

Place of Confinement

FCI Fort Dix (East),P.O.Box 2000, Fort Dix, New Jersey 08640

(include name upon which convicted)

UNITED STATES OF AMERICA     V.   Shawn Winbush

(full name of movant)

MOTION

1. Name and location of court which entered the judgment of conviction under attack   U.S. District Court

District of Massachusetts, 1 Courthouse Way, Suite No.2300, Boston, Mass. 02210

2. Date of judgment of conviction   February 27, 2006

3. Length of sentence   188 Months

4. Nature of offense involved (all counts) Count 1, Conspiracy to Import Cocaine-21 USC § 953;

Count 2, Importation of Cocaine-21 USC §§ 952(a) & 960(a).

5. What was your plea? (Check one)
   (a) Not guilty     ☐
   (b) Guilty     ☒
   (c) Nolo contendere     ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury     ☐    N/A
   (b) Judge only     ☐

7. Did you testify at the trial?
   Yes ☐ No ☐    N/A

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court: __First Circuit Court of Appeals__

(b) Result __Judgment affirmed__

(c) Date of result __February 5, 2007__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court __First Circuit Court of Appeals__

(2) Nature of proceeding __Petition for Panel Rehearing and Suggestion for Rehearing en banc__

(3) Grounds raised __N/A__

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result__Denied__

(6) Date of result __March 30, 2007__

(b) As to any second petition, application or motion give the same information:

(1) Name of court __N/A__

(2) Nature of proceeding __N/A__

_____

(3) Grounds raised__N/A__

_____

_____

_____

_____

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____ N/A

(6) Date of result __N/A

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____ N/A

(2) Nature of proceeding ___ N/A

(3) Grounds raised_____ N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐    N/A
(5) Result _____
(6) Date of Result _____ N/A

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☐
(2) Second petition, etc.   Yes ☐ No ☐    N/A
(3) Third petition, etc.    Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243
REV 6'82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Ineffective assistance of Counsel-Failure to Challenge

Priors

Supporting FACTS (tell your story *briefly* without citing cases or law: Please see

Argument in support

B. Ground two: Ineffective assistance of counsel-failure to review

entire transcript before filing Anders: Brief

Supporting FACTS (tell your story *briefly* without citing cases or law): Please see

Argument in support

C. Ground three: Ineffective assistance of counsel-failure to notice

and challenge impermissible delegation of authority.

Supporting FACTS (tell your story *briefly* without citing cases or law): Please see

Argument in support.

AO 243
REV 6/82

D.  Ground four:  __N/A__

Supporting FACTS (tell your story *briefly* without citing cases or law): __N/A__

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: The above-listed issues were not

previously presented because defense counsel failed to raise them at sentencing

and Appellate Counsel failed to raise them on Appeal.

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐  No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing __Thomas C. Foley, Attorney at Law, P.O. Box 2187,__

__South Hamilton, Massachusetts 01982__

(b) At arraignment and plea __Same as above__

(c) At trial __N/A__

(d) At sentencing __Same as above__

x

AO 243
REV 6/82

(e) On appeal___Same as above_____

(f) In any post-conviction proceeding ___N/A_____

(g) On appeal from any adverse ruling in a post-conviction proceeding ___N/A_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐  N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

6/26/08
(date)

_____
Signature of Movant

xi

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Shawn Winbush,
     Petitioner,

     vs.

United States of America,
     Respondent.

:
:
:
:
:
:
:
:
:
:

Docket No.

1;04-cr-10364-NMG-1

§ 2255

## STATEMENT OF JURISDICTION

A prisoner in custody under sentence of a Court established by Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum sentence authorized by law, or is otherwise subject to collateral attack, may move the Court which imposed the sentence to vacate, set aside, or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the Court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issue and make findings of fact and conclusions of law with respect thereto. If the Court finds that the judgment was rendered without jurisdiction or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the Constitutional Rights of the prisoner as to render the judgment vulnerable to collateral attack, the Court shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate. 28 USC § 2255.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Shawn Winbush,                          :

    Petitioner,                        :            Docket No.

                                       :

    v.                                 :       1:04-cr-10364-NMG-1

                                       :

United States of America,

    Respondent.                        :

                                       :

### STATEMENT OF QUESTIONS PRESENTED

I.   Whether or not Petitioner has been denied the
     effective assistance of counsel as guaranteed by
     the Sixth Amendment of the U.S. Constitution by
     counsel's failure to challenge Petitioner's Prior
     convictions used to designate him a career offender?

II.  Whether or not Petitioner has been denied the
     effective assistance of counsel as guaranteed by
     the Sixth Amendment of the U.S. Constituion by
     counsel's failure to discharge his obligation to
     review entire Transcript for plain error before
     filing <u>Anders</u> Brief?

III. Whether or not Petitioner has been denied the
     effective assistance of counsel as guaranteed by
     the Sixth Amendment of the U.S. Constitution by
     counsel's failure to notice and challenge the
     Distirct Court's impermissible delegation of
     authority for drug testing during term of
     supervised release?

## STATEMENT OF THE CASE

### Procedural History

On December 9, 2004, a federal grand jury in Massachusetts returned indictments alleging that on or about February 2004 to on or about October 6, 2004, at New Bedford, the Petitioner, Shawn Winbush, did knowingly and intentionally import cocaine into the United States, in violation of 21 USC §§ 952(a) and 960(a) and further alleged that the conspiracy involved at least 500 grams of a mixture and substance containing cocaine, in violation of 21 USC §§ 960(b)(2)(B) and 963 (Count I), that on or about October 6, 2004 at Boston, the Petitioner, Shawn Winbush, did knowingly and intentionally import cocaine into the United States, in violation of 21 USC §§ 952(a) and 960(a) and further alleged that the conspiracy involved at least 500 grams of a mixture and substance containing cocaine, in violation of 21 USC §§ 960 (b)(2)(B) and 963 (Count II). Petitioner was further notified that because he was at least 18 years old at the time of the offenses and had at least two prior felony convictions of either a crime of violence or a controlled substance offense, USSG §§ 4B1.1 was applicable to him.

Petitioner pleaded guilty to all charges on November 14, 2005. On February 27, 2006, the Honorable Nathaniel M. Gorton sentenced him to 188 months incarceration, to be followed by four years of supervised release. (Feb. 27, 2006). Petitioner filed a timely notice of appeal on March 3, 2006.

On appeal, counsel filed an **Anders** Brief and a motion to

(1)

withdraw.  The United States Court of Appeals for the First
Circuit affirmed the judgment of the District Court on February
5, 2007.  Petitioner sought panel rehearing and suggestion for
rehearing en banc.  The First Circuit Court of Appeals denied
those petitions on March 30, 2007.  Petitioner did not seek review
by the United States Supreme Court.

## STATEMENT OF RELEVANT FACTS.

Knowing that Petitioner's prior convictions suffered
Constitutional infirmities, Petitioner is shocked and amazed
that counsel did not ask for a continuance in sentencing, allowing
him to challenge the prior convictions.

Because of counsel's unprofessional errors, Petitioner did
not appreciate his right to challenge the prior state convictions
and Petitioner had no way of even guessing the consequences of
silence.

The change of plea hearing and sentencing hearing in
Petitioner's case have not been transcribed because Petitioner's
Appellate Counsel has not requested their transcription, therefore,
Appellate Counsel did not discharge his obligation to review the
whole record for arguable issues before filing an **Anders** Brief.

The Courts have held that counsel could not faithfully
discharge their obligations that the court had placed on him or
her unless he or she could read the entire record.  Most of the
record in a case resolved through a guilty plea is made up of the
change of plea hearing and the sentencing hearing.

Moreover, the first requirement of **Anders** is "a conscientious

(2)

examination of the entire record below...".

In this case, Petitioner's counsel did not discharge his obligations as appellate counsel prior to filing his **Anders** Brief. He was obligated to review the entire transcript for plain error. He could not have discharged this obligation because he failed to obtain the authorization necessary to have the change of plea and sentencing hearing transcribed.

Petitioner claims that the District Court impermissibly delegated its authority to a probation officer when it allowed the officer to decide how many drug tests he would be required to undergo and when, and that defense counsel failed to notice and challenge the impermissible delegation, and appellate counsel failed to raise the issue on appeal.

The written Judgment reads in pertinent part:

> "The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 50 tests per year, as directed by the probation officer." **(Please see Exhibit "A")**

## ARGUMENT IN SUPPORT

I. **Petitioner has been denied effective assistance of counsel as guaranteed by the Sixth Amendment of the U.S. Constitution by counsel's failure to challenge Petitioner's Prior convictions used to designate him a career offender.**

The § 2255 remedy is broad and flexible, and entrusts to the Courts the power to fashion an appropriate remedy. <u>Andrews v. United States</u>, 375 U.S. 334, 339, 83 S. Ct. 1236, 1239, 10 L. Ed. 2d 383 (1963).

<u>Kimmelman v. Morrison</u>, 477 U.S. 365, 106 S. Ct. 2574, 91 L.Ed 2d 305 (1986) reads, in pertinent part, as follows:

> " The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy of our adversary process. e.g. <u>Gideon v. Wainright</u>, 372 U.S. 335, 344, 83 S. Ct. 792, 796, 9 L.Ed 2d 799 (1963). The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. see, e.g., <u>Strickland v. Washington</u>, 466 U.S. at 686, 104 S. Ct. at 2064, <u>United States v. Cronic</u>, 466 U.S. 648, 655-657, 104 S. Ct. 2039, 2046, 80 L. ED. 2d 657 (1984). In order to prevail, the defendant must show both that counsel's representation fell below an objective standard of reasonableless, <u>Strickland</u>, 466 U.S. at 688, 104 S. Ct. at 2064, and that there exists a reasonable probability that, but not for counsel's unprofessional errors, the result of the proceeding would have been different.

Id. at 694, 104 S. Ct. at 2068, 477 U.S. at 372,
106 S. Ct. at 2574.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The right of an accused to counsel is beyond
question a fundamental right. see, e.g., Gideon,
372 U.S. at 344, 83 S. Ct. at 796 ("the right of
one charged with a crime to counsel may not be
deemed fundamental and essential to fair trials
in other countries, but it is in ours.") without
counsel, the right to a fair trial would be of
little consequence ... for it is through counsel
that the accused secures his other rights... 477
U.S at 377, 106 S. Ct. at 2584" ·

For an ineffective assistance claim to succeed under the
familiar Strickland standard, a defendant must show two things:
That his lawyer made errors "so serious that counsel was not
functioning as the 'counsel' guaranteed the defendant by the Sixth
Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); and that counsel's
deficient performance was prejudicial, i.e., that there is a
"reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Id. at 697, 104 S. Ct. at 2068.

Courts generally begin an ineffective assistance analysis by
determining if the defendant was prejudiced by the alleged conduct.
see, Martin v. Cain, 246 F. 3d 471, 477 (5th Cir 2001)( court need
not address Strickland's performance prong because defendant could
not show prejudice); Stanford v. Parker, 266 F. 3d 442, 454 (6th
Cir. 2001)("Strickland specifically holds that the two prongs of

its test need not be applied in order or in totality."); <u>U.S. v.</u>
<u>Fudge</u>, 325 F. 3d 910, 924 (7th Cir. 2003)(court need not address
performance prong when no prejudice resulted).

Although Courts generally begin an ineffective assistance
analysis by determining if the defendant was prejudiced by the
alleged conduct, some Courts consider the performance prong first.
See, e.g., <u>U.S. v. Gomes</u>, 177 F. 3d 76, 83 (1st Cir. 1999)(Court
did not address prejudice prong because counsel's admission during
closing argument of defendant's guilt as to 1 of 4 charges was
reasonable); <u>Henry v. Poole</u>, 409 F. 3d 48, 65-67 (2d Cir 2005)
(Court first determined counsel's failure to recognize alibi for
the wrong night was unreasonable, then held such failure
prejudicial); <u>U.S. V. Grammas</u>, 376 F. 3d 433, 437-38 (5th Cir.
2004)(Court first determined counsel's failure to understand
sentencing guidelines was unreasonable, then remanded for
determination on prejudice prong).

A number of Petitioner's claims require an evidentiary
hearing at a minimum.  see, <u>U.S. v. Herrera</u>, 412 F.3d 577, 581-
82 (5th Cir. 2005)(assuming evidentiary hearing supports defendant's
claim, counsel's failure to understand sentencing guidelines was
prejudicial because counsel under estimated sentencing exposure
by 27 months); <u>U.S. V. Granados</u>, 168 F. 3d 343, 346 (8th Cir. 1999)
(Counsel's ignorance of sentencing guidelines in guilty plea
context was prejudicial because counsel's error resulted in 40-
50 additional months in defendant's sentence); <u>Esslinger v. Davis</u>
44 F. 3d 1515, 1529-30 (11th Cir. 1995)(Counsel's recommendation
of guilty plea subject to enhanced penalty under habitual offender

statute was prejudice because given without adequate investigation

of defendant's prior criminal history).

The Court in **U.S. Gaviria**, 116 F.3d 1498 (D.C. Cir 1997) held

that;

> "While recognizing the inherent difficulty in
> reconstructing events long past and in determining
> what might have been had counsel given his client
> correct information on his sentencing exposure, we
> emphasize that **Strickland**, requires reasonable
> probability, not certainty. **Strickland**, 466 U.S.
> at 694, 104 S. Ct. at 2068. ("A reasonable
> probability is a probability sufficient to under-
> mine confidence in the outcome.")

Knowing that Petitioner's prior convictions suffered

Constitutional infirmities, Petitioner is shocked and amazed

that counsel did not ask for a continuance in sentencing, allowing

him to challenge the prior convictions.

Because of counsel's unprofessional errors, Petitioner  did

not appreciate his right to challenge the prior state convictions

and Petitioner had no way of even guessing the consequences of

silence.

In deciding whether counsel's performance was ineffective

under **Strickland**, a court must consider the totality of the

circumstances. <u>See</u>, **Strickland**, 466 U.S. at 690 (court must

"determine whether, in light of all the circumstances, the

identified acts or omissions were outside the wide range of

professionally competent assistance.")  Was counsel's choice

not to ask for a continuance of the sentencing proceeding to

(7)

allow him to investigate the viability of mounting a challenge
to the priors reasonable? Petitioner avers that the answer to
all the questions of reasonableness are in the negative.

   II. Petitioner has been denied effective
       assistance of counsel as guaranteed by
       the Sixth Amendment of the U.S. Constitution
       by counsel's failure to discharge his
       obligation to review entire transcript for
       plain error before filing Anders Brief.

   The change of plea hearing and sentencing hearing in
Petitioner's case have not been transcribed because Petitioner's
Appellate Counsel has not requested their transcription,
therefore, Appellate Counsel did not discharge his obligation
to review the whole record for arguable issues before filing an
Anders Brief.

   Congress has provided that defendants may request counsel
at government expense under the CJA, and also may request "other
services." 18 USC § 3006A(e). A defendant seeking counsel or
services under the Criminal Justice Act has the burden of proving
inadequate financial means to pay for services. See, United
States v. Gravatt, 868 F. 2d 585, 588 (3rd Cir. 1989)(seeking
appointed counsel); accord, United States v. Sarsoun, 834 F.2d
1358 (7th Cir. 1987); United States v. Anderson, 567 F. 2d 839,
840 (8th Cir. 1977).

   The defendant's burden does not relieve the distirct court
of its responsibility to make further inquiry into the defendant's

(8)

financial condition in order to ascertain whether the defendant is entitled to proceed under the CJA.  See, **Gravatt**, 868,F.2d at 588; See also, **United States v. Moore**, 671 F. 2d 139, 141 (5th Cir. 1982).  In many cases, the district court may properly limit its review to the financial information supplied on the standard form financial affidavit. **Anderson**, 567 F. 2d at 840.

Counsel for a person who is financially unable to obtain transcription service necessary for adequate representation may file an ex parte application requesting a transcript at government expense. See, 18 USC § 3006A(e)("other services"); **United States v. Henderson**, 525 F. 2d 247, 250-52 (5th Cir. 1975) (§ 3006A(e) covers transcripts); accord, **United States v. Brown**, 443 F.2d 659, 660 (D.C. Cir. 1970).  The Court may authorize a party or counsel to obtain the transcript at government expense after appropriate inquiry in an ex parte proceeding if the Court finds that the services are necessary and that the person is financially unable to obtain them.  18 USC § 3006A(e). Similarly, the CJA Plan requires either the district judge or the magistrate judge to consider whether the requested transcripts are necessary for an adequate defense, and whether the defendant is financially unable to obtain the services.  Local Rules 4.13(a) and 6.01(c) (4); Amended Criminal Justice Act Plan, §§ 1.03 and 3.01. Congress has limited payment to $1,000 unless the Court or magistrate judge certifies that payment in excess of that limit is necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess is approved by the chief judge of the circuit.  18 USC § 3006A(e)(3).

The courts have held that counsel could not faithfully discharge their obligations that the court had placed on him or her unless he or she could read the entire record. Most of the record in a case resolved through a guilty plea is made up of the change of plea hearing and the sentencing hearing.

> As the Former Fifth Circuit said:
>> The [S]upreme Court stressed that the duty of representation of an appellate lawyer included the duty to search out plain error, and that nothing less than a complete transcript would suffice to accomplish this.

Moreover, the first requirement of **Anders** is "a conscientious examination of the entire record below...".

In this case, Petitioner's counsel did not discharge his obligations as appellate counsel prior to filing his **Anders** Brief. He was obligated to review the entire transcript for plain error. He could not have discharged this obligation because he failed to obtain the authoization necessary to have the Change of Plea and sentencing hearing transcribed.

All the Courts have applied the **Strickland** test in various circumstances to conclude that an attorney's performance was constitutionally deficient and prejudicial. In **Cook**, the court held that an attorney who has failed to raise an issue on appeal that was (in Judge Easterbrook's colorful parlance) "a dead-bang winner" had provided ineffective assistance under **Strickland**. **Cook**, 45 F. 3d at 395 (quoting **Page v. United States**, 884 F. 2d

300, 302 (7th Cir. 1989); See also **Banks v. Reynolds**, 54 F. 3d 1508, 1515-16 (10th Cir. 1995)(holding that an attorney who failed to raise clearly meritorius issues on appeal provided ineffective assistance). Similarly, in **Baker v. Kaiser**, 929 F. 2d 1495, 1499 -1500 (10th Cir. 1991)),They concluded that the representation provided by an attorney who failed to ascertain whether a defendant wanted to appeal a conviction or who failed to discuess the merits of the appeal with the defendant was constitutionally deficient.  Finally, in **Osborn v. Shillinger**, 861 F. 2d 612, 626-31 (10th Cir. 1988), the court affirmed a district court's finding that an attorney who failed to discover mitigating evidence to present at a capital sentencing proceeding provided ineffective assistance under **Strickland**.

Several other courts of appeals have applied **Strickland** in determining whether the failure to challenge findings in a presentencing report constituted ineffective assistance of counsel.

Failure to rasie an issue that is without merit "does not constitute constitutionally ineffective assistance of counsel," **Dixon**, 1 F. 3d at 1083 n.5, because the Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal.  See **Jones v. Barnes**, 463 U.S. 745,751, 103 S. Ct. 3308, 3312, 13, 77 L. Ed. 2d 987 (1983).  Thus, counsel frequently will "winnow out" weaker claims in order to focus effectively on those more likely to prevail.  **Smith V. Murray**, 477 U.S. 527, 536,

106 S. Ct. 2661, 2667, 91 L. Ed. 2d 434 (1986); See <u>Tapia v.</u>
<u>Tansy</u>, 926 F. 2d 1554, 1564 (10th Cir.); cert denied, 502 U.S.
835, 112 S. Ct. 115, 116 L. Ed. 2d 84 (1991).  However, "an
appellate advocate may deliver deficient performance and
prejudice a defendant by omitting a 'dead-bang winner,' even
though counsel may have presented strong but unsuccessful claims
on appeal." <u>Cook</u>, 45 F. 3d at 394-95 (citing <u>Page v. United</u>
<u>States</u>, 884 F. 2d 300, 302 (7th Cir. 1989).

    In this case, Appellate Counsel filed an <u>Anders</u> Brief.

**III.  Petitioner has been denied the effective**
**assistance of counsel as guaranteed by the**
**Sixth Amendment of the U.S. Constitution by**
**counsel's failure to notice and challenge the**
**District Court's impermissible delegation of**
**authority for drug testing during term of**
**supervised release.**

    Petitioner claims that the District Court impermissibly
delegated its authority to a probation officer when it allowed the
officer to decide how many drug tests he would be required to
undergo and when, and that defense counsel failed to notice and
challenge the impermissible delegation, and appellate Counsel
failed to raise the issue on appeal.

    The written Judgment reads in pertinent part:

> " The defendant shall not unlawfully possess a
> controlled substance.  The defendant shall
> refrain from any unlawful use of a controlled
> substance.  The defendant shall submit to one

> drug test within 15 days of release from
> imprisonment and at least two periodic drug
> tests thereafter, not to exceed 50 tests per
> year, as directed by the probation officer."
> **(Please see exhibit "A")**

Both a statute and the United States Sentencing Guidelines require the sentencing court to order that the defendant "refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance." 18 USC § 3583(d)(2000); U.S.S.G. § 5D1.3(a)(4)  (emphasis added).

The court may only waive this requirement "if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant." 18 U.S.C. § 3563(a)(5); U.S.S.G. § 5D1.3(a)(4).  Petitioner claims that the inclusion of the words "as determined by the court" means that the court, not the probation officer, must decide how many tests a defendant should be forced to undergo.

As noted both the statute and the Guidelines state that following the initial "drug test within 15 days of release," there must be "at least 2 periodoc drug teats thereafter (as determined by the court) for use of a controlled substance." 18 USC § 3583(d)(2000); U.S.S.G. § 5D1.3(a)(4).

If there is any ambiguity in the text, it does not relate to the responsibility of the court to make the determination referenced

(13)

in the statute. That responsibility could not be more explicit.
But what is the determination that the court must make? The
determination assigned to the court could either be the time
frame for the two periodic drug tests mandated by the statute, or
the number of additional drug tests to be required beyond the
initial drug test within 15 days of release and the two periodic
tests required by the statute. As a matter of language, the phrase
"at least" establishes a minimum and implies that a maximum
remains to be determined. As a matter of common sense, we do not
think that Congress would require courts to be involved in the
scheduling of drug tests. However, Congress could reasonably
assign to courts the responsibility for deciding the maximum
number of drug tests to be performed beyond the minimum of three
mandated by Congress. See **United States v. Bonanno**, 146 F. 3d 502,
511 (7th Cir. 1998)(holding that "18 USC § 3583(d) requires that
the court determine the number of drug tests to which the
defendants must submit").

Indeed, there is symmetry in the Congressional approach because
both the statute and the Guidelines give the court the authority to
waive the testing requirement completely upon a finding of "a low
risk of future substance abuse by the defendant." 18 USC § 3563(a)
(5); U.S.S.G. § 5D1.3(a)(4). To respond to concerns about a high
risk of future substance abuse, the court can also establish the
maximum number of drug tests to be performed.

This responsibility does not mean that the court has to specify
the exact number of tests to be performed. Consistent with the

(14)

statutory language, it may specify a range, allowing probation
officers to exercise discretion on the number of drug teats to
be performed within that range.  See **United States v. Guy**, 174 F.
3d 859, 862 (7th Cir. 1999)(concluding that a condition requiring
the defendant to submit to "'random drug tests as ordered by the
Probation Officer, not to exceed 104 tests per year'" did not
constitute plain error).  The court may not, however, vest the
probation officer with the discretion to order an unlimited number
of drug tests.

While it is true that, prior to the passage of the 1994 act,
probation officers had discretion to order tests independently of
any directive from the court, see**Smith**, 45 F.Supp. 2d at 917
(noting that probation officers had broad discretion to administer
drug tests, without specific authorization from the sentencing
court"), we conclude that Congress's refusal to include probation
officers in the section of the 1994 Act that became 18 USC §
3583(d) manifests its intent to alter the existing practice.
Congress explicitly referred to "the chief probation officer in
each district" in another section of the 1994 Act and conferred
upon those officer the responsibility of establishing a drug
testing program.  See **Section 20414 (codified at 18 USC § 3608)**.

Congress clearly understood the role of probation officers
in providing for and administering drug programs, yet Congess
included no reference to probation officers in the drug testing
language of 18 USC § 3583(d); instead, it referred only to courts
determining the number of drug tests. See **Keene Corp. v. United**

(15)

States, 508 U.S. 200,208, 113 S. Ct. 2035, 124 L. Ed. 2d 118
(1993)("[W]here Congress includes particular language in one
section of a statute but omits it in another...[,] it is generally
presumed that Congress acts intentionally and purposely in the
disparate inclusion or exclusion.")(citation omitted).

Furthermore, the general statutory provision in the Sentencing
Reform Act of 1984, P.L. 98-473, § 212(a)(2), 98 Stat. 2002
(codified at 18 USC § 3603), relied on by the Smith' court as
evidnece that Congress gave probation officers the authority to
require drug tests, were superceded by the more specific provision
in the 1994 Act that explicitly gave that power to courts.

## CONCLUSION

A federal prisoner is entitled to a hearing on his motion
under **28 USC § 2255** where allegations relate primarily to
purposed occurrences upon which the trial record could cast no
real light. **Machibroda v. Unioted States**, (1962) 368 U.S. 487,
7 L. Ed. 2d 473, 82 S. Ct. 510.

Motions under **28 USC § 2255** are sufficient to require
holding of adversary hearing after notice to United States
Attorney where motions alleged matters outside of the record,
which if true, cast serious doubt upon validity of prisoner's
convictions. **Moorehead v. United States**, (1972, CA3 VI) 456 F.
2d 992.

(16)

Ordinarily, contested fact issues in proceedings on motion to vacate sentence may not be decided on affidavits alone, but where they are supported by other evidence in record, Court may rely on them. **Owens v. United States**, (1977, CA5 GA.) 551 F. 2d 1053, cert denied, (1977) 434 U.S. 848, 54 L. Ed 2d 115,98 S. Ct. 155.

In motion under **28 USC § 2255**, District Court may not resolve critical factual questions against Petitioner simply on basis of affidavits, since affidavits may assist only in determining if there is a genuine issue of fact to resolve. **Miller v. United States**, (1977 CA1 Mass.) 564 F. 2d 103, cert. denied (1978) 435 U.S. 931, 55 L. Ed. 2d 528, 98 S. Ct. 1504.

Regarding defense counsel's ineffectiveness in failing to mount a challenge to Petitioner's prior conviction, his actions were plainly unreasonable, are susceptible to attack, and prejudiced Petitioner by drastically increasing his sentence.

**WHEREFORE**, Petitioner respectfully requests that this Honorable Court would hold his pleadings to less stringent standards than pleadings drafted by lawyers. He prays the Court would excuse his inartistic manner and overlook his many errors. Petitioner prays this Honorable Court would grant him all relief to which he may be entitled, (even if he failed to request it), and any other relief this Honorable Court might deem just and proper.

Respectfully Submitted,

Date: 6/26/08.

Shawn Winbush, pro se

(17)

### CERTIFICATE OF SERVICE

I, Shawn Winbush  ,certify that on June 26, 2008, I mailed a complete copy of this motion via first class mail, postage pre-paid, to the following parties at the addresses listed below.

Nancy Rue
Assistant u.s. Attorney
Office of the U.S. Attorney
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

I certify that this motion was hand delivered to prison officials on the date listed below for forwarding to the District Court.  I certify under the penalties of perjury that the forgoing is true and correct, pursuant to 28 USC § 1746.

Date: 6/26/08              .

Shawn Winbush
Reg. No. 25382-038
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, New Jersey
08640

✎AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                    Sheet 3 - D. Massachusetts - 10/05

Judgment—Page __3__ of __10__

DEFENDANT:     SHAWN WINBUSH
CASE NUMBER:   1: 05 CR 10364  - 001 - NMG

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     **48**   month(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  50   tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Exhibit "A"