# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.       CRIMINAL NO. 04-10364-NMG-01

SHAWN WINBUSH,
   Defendant/Petitioner.


## *REPORT AND RECOMMENDATION ON MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE (#74)*


COLLINGS, U.S.M.J.

  I RECOMMEND that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct the Sentence (#74) ("the 2255 Motion") filed by Shawn Winbush ("Winbush") be DENIED and that Judgment enter accordingly.

  Winbush's grounds can be dealt with summarily.

  First, as for his claim that his attorney was ineffective for failing to

attempt to vacate prior state offenses which were used as predicates for the finding that he was a "Career Criminal," Winbush clearly knew that his prior attorney had been attempting to do that without success, and when new counsel was appointed, the prior state offenses had not been vacated. Nevertheless, in a letter to the Court (#53) filed September 27, 2005, Winbush expressed his desire not to wait any longer and to plead guilty. In these circumstances, Winbush's attorney can hardly be deemed ineffective in proceeding to request a Rule 11 hearing for Winbush to plead guilty without taking any further action to vacate the state convictions.

Second, Winbush's appellate counsel filed an *Anders* brief with the First Circuit. Winbush claims he was ineffective because he did not arrange for transcripts of the plea hearing and sentencing to be prepared prior to filing the brief and thus failed to conduct the examination of the record required under *Anders*. However, Winbush's premise is just plain wrong. The *Anders* brief was filed on October 24, 2006 (#78-5). The docket reflects that the transcript of the plea hearing was filed on December 2, 2005 (#58) and the transcript of the sentencing hearing was filed on June 22, 2006 (#70). Winbush's attorney makes specific page references to the transcript in his brief. On this record,

Winbush's claim is specious.

Third, Winbush alleges that the District Judge at sentencing impermissibly delegated to Probation the number of drug tests per year to which he would be subject upon commencement of supervised release. The short answer is that it is entirely permissible for the Court to set the maximum and for Probation to determine how many tests up to the maximum would actually be given. *United States v. Morales-Rodriguez,* 467 F.3d 1, 15-16 (1 Cir.), *cert. denied,* 549 U.S. 1068 (2006) *citing United States v. Laureano-Velez,* 424 F.3d 38, 41 (1 Cir., 2005). This is what the sentencing judge did in Winbush's case. There was no error.

Fourth, Winbush claims that he was taking various types of medications at the time of sentencing and when apprised of that fact, the District Judge failed to make the inquiry required by First Circuit precedent. Thus, reasons Winbush, his attorney was ineffective when he filed the *Anders* brief without raising this issue.

Winbush's claim is frivolous. At the Rule 11 hearing, the Court asked Winbush about any "drug, medication" and Winbush answered: "I take medication, sir." #58, p. 5. The Court then asked Winbush what "sort of

medication" he took. #58, p. 5.   Winbush answered "Lithium, Zyprexa, Trazadone and Roboxin." *Id.* The Court asked what those medications were for, and Winbush answered "Roboxin is for sciatica. Trazadone is to help me sleep. #58, p. 5. Zyprexa is to level my mood, and lithium is to level my mood." *Id.* Then the Court stated: "All right. Do any of those medications in any way affect your ability to understand my questions and to answer them?" *Id.* Winbush replied: "No, sir." *Id.*

Winbush relies on the case of *United States v. Parra-Ibanez,* 936 F.2d 588 (1 Cir., 1991).   That case held that once a defendant at a Rule 11 hearing indicates that he is on medication or has taken substances which might affect his ability to enter a knowing and voluntary guilty plea, the District Judge must inquire further. *Id.* at 596.  The judge in the *Parra-Ibanez* case did not.  In the instant case, the judge specifically asked if the medication Winbush was taking "...in any way affect[ed] his ability to understand [the Court's] questions and to answer them", and Winbush replied "no."  Further, the judge in the instant case made a "finding" "that [Winbush] is fully competent and capable of entering an informed plea and that his plea of guilty is knowing and voluntary...". #58, p. 12. *See United States v. Morrisette,* 402 F.3d 318, 323 (1

Cir., 2005) *citing United States v. Rodriguez-Leon,* 429 F.3d 17, 25 n.8 (1 Cir., 2005).

In sum, from the facts and record and First Circuit precedent, Winbush is not entitled to § 2255 relief on the basis that the judge's inquiry and handling of the medication issue at the Rule 11 hearing was error or that appellate counsel was ineffective in failing to raise the issue in the First Circuit.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection or objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete,* 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford*

*Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140

(1985).

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

September 11, 2009.